AO 245 B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

    v.

                                               Case Number    CR 02-638-01

LEV TRAKHTENBERG

    Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

       The defendant, LEV TRAKHTENBERG, was represented by David L. Lewis, Esq.
       Upon motion by the government, counts 2-12 are dismissed.
       The defendant pled guilty to count(s) 1 of the indictment on 12/01/04. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18:371 | Conspiracy to defraud the U.S. | 11/99 - 12/01 | 1 |

       As pronounced on 06/03/05, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

       It is ordered that the defendant shall pay to the United States a special assessment of $100, for count(s) 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

       It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

       Signed this the   20th   day of June, 2005.

JOHN C. LIFLAND
Senior United States District Judge

AO 245 B (Rev. 12/03) Sheet 2 - Imprisonment

Defendant:      LEV TRAKHTENBERG
Case Number:    CR 02-638-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 Months, to run concurrent with the term imposed under case number CR 04-861-01 in the S. District of New York. .

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons 7/03/05 , the date the defendant has been directed to report in the S.D.N.Y. case..

The Court to recommend that the defendant participate in the BOP Inmate Financial Responsibility Program.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 12/03) Sheet 3 - Supervised Release

Defendant:     LEV TRAKHTENBERG
Case Number:   CR 02-638-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years to run concurrent with the term imposed under CR 04-861-01 in the S.D.N.Y.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall refrain from the illegal possession and/or use of drugs and alcohol and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.

The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the U.S. Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the U.S. Probation Office.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall have no contact with the victims in this case or with their families. The includes any physical, visual, written, or telephone contact with such persons. The defendant shall not cause or encourage any other parties to have contact with the victims.

AO 245 B (Rev. 12/03) Sheet 3a - Supervised Release

Defendant:      LEV TRAKHTENBERG
Case Number:    CR 02-638-01

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall not commit another federal, state, or local crime during the term of supervision.

2)   The defendant shall not illegally possess a controlled substance.

3)   If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4)   The defendant shall not leave the judicial district without the permission of the court or probation officer.

5)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7)   The defendant shall support his or her dependents and meet other family responsibilities.

8)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9)   The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____

_____    _____
Defendant                             Date

_____    _____
U.S. Probation Officer/Designated Witness   Date

AO 245 B (Rev. 12/03) Sheet 6 - Restitution and Forfeiture

Defendant:     LEV TRAKHTENBERG
Case Number:   CR 02-638-01

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| **Name of Payee (Victim)** | **Amount of Restitution** |
| --- | --- |
| Tatiana Roudina | $7,200 |
| Olga Bychkova | $4,280 |
| Olga Ponomareva | $30,700 |
| Natalia Tchernikova | $24,200 |

Payments of restitution are to be made payable to **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608 for distribution to the victims as stated in the attached order of the Court. Addresses of victims will not be made part of this judgement but will be forwarded to the Clerk, U.S.D.C. in Trenton, New Jersey.

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

$25,575 currency.  (See attached Order).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant : LEV TRAKHTENBERG
Case No.  : 02-638-01 (JCL)

RECEIVED
WILLIAM T. WALSH, CLERK

## RESTITUTION AND FORFEITURE

2005 JUN 20   A 11: 58

The defendant shall make restitution in the total amount of $66,380, to the following persons in the following amounts:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| Tatiana Roudina | $7,200. |
| Olga Bychkova | $4,280. |
| Olga Ponomareva | $30,700. |
| Natalia Tchernikova | $24,200. |

Payments of restitution are to be made payable to the U.S. Treasury and mailed to the Clerk, United States District Court, 402 East State Street, Room 2020, Trenton, New Jersey 08608 for distribution to the victim(s).

The defendants restitution obligation shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully satisfied this loss.  The following defendants in this case may be subject to restitution orders to the same victims for this same loss:

Viktoriya I'lina       Cr. 02-638-02
Sergey Malchikov    Cr. 02-638-03

The Court acknowledges that by judgment of conviction entered in the Southern District of New York on March 13, 2005, the defendant was also ordered to pay restitution in the amount of $10,000. to the victim Anna Boudekova.   In the event that the defendant makes a partial restitution payment towards the combined restitution orders of $76,380, each of the five payees (Anna Boudekova, Tatiana Roudina, Olga Bychkova, Olga Ponomareva, and Natalia Tchernikova) shall receive an approximately proportioned payment.

Restitution payments shall begin while the defendant is in prison.  If the defendant is engaged in a non-UNICOR work program, the defendant shall pay $25 per quarter toward restitution.  However, if the defendant participates in the UNICOR program as a grade 1 through 4, he shall pay 50% of his monthly UNICOR earnings.  Upon release from imprisonment, the defendant shall pay 10% of his gross monthly income toward the payment of restitution.

The defendant is ordered to forfeit any and all interest he has in $25,575 in United States currency seized by the Federal Bureau of Investigation during an August 27, 2002  search of his residence located at 7311 20th Avenue, Brooklyn, New York.

So Ordered :

_signature_  USDJ
June 20, 2005